IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROSPECT CCMC, LLC d/b/a Crozer-Chester Medical Center<br>190 W. Sproul Road<br>Springfield, PA 19064,<br><br>   Plaintiff,<br><br> v.<br><br>CCNA/PENNSYLVANIA ASSOCIATION OF STAFF NURSES AND ALLIED PROFESSIONALS<br>1 Fayette Street, #475<br>Conshohocken, PA 19428<br>_____ | Case No.: |

**COMPLAINT TO VACATE ARBITRATION AWARD**

Plaintiff, Prospect CCMC, LLC d/b/a Crozer-Chester Medical Center ("CCMC"), by and through its undersigned attorneys, and for its complaint alleges as follows:

**NATURE OF ACTION**

1. This is an action arising under Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA") and Section 10(a) of the Federal Arbitration Act of 1947, as amended, 9 U.S.C. § 10(a) ("FAA") that seeks to vacate, set aside, and declare null and void an arbitration opinion and award ("Award") issued by Arbitrator James Darby resolving a dispute between CCMC and Crozer-Chester Nurses Association/Pennsylvania Association of Staff Nurses and Allied Professionals ("Union").

**PARTIES**

2. CCMC is a general teaching hospital located in Upland, Pennsylvania. The Hospital is the largest of several facilities included in the Crozer-Keystone Health System ("CKHS"). The CKHS system includes several thousand employees, including the regular part-time and full-time

graduate nurses and registered nurses in the bargaining unit at issue.  Prospect CCMC is organized under the laws of, and conducts business in, the State of Pennsylvania.

3. Prospect CCMC is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301(a) of the LMRA, 29 U.S.C. §§ 142(3) & 152(2), 29 U.S.C. § 185(a).

4. Prospect CCMC is engaged in commerce and its activities affect commerce within the meaning of Section 2(6) and 2(7) of the LMRA, 29 U.S.C. § 152(6) and (7).

5. The Union is an incorporated association with its principal place of business in Philadelphia, Pennsylvania.

6. The Union is a labor organization within the meaning of the NLRA, 29 U.S.C. §§ 142(3) & 152(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. §§ 1331 and 1337.

8. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Union's officers are engaged in representing employees and acting for its employees and members in the Eastern District of Pennsylvania.  In addition, the arbitration hearing that resulted in the Award that is the subject of this Complaint occurred in the Eastern District of Pennsylvania.

## FACTS

9. For nearly 40 years, Prospect CCMC has bargained collectively, and negotiated a series of collective bargaining agreements with the Union. At all times relevant hereto, Prospect CCMC and the Union were, and continue to be, parties to a collective bargaining agreement ("the Agreement").

10. Article 14 of the Agreement contains, and contained during the relevant period, the grievance procedure for disputes arising between the Union, including bargaining unit members employed at Prospect CCMC and Prospect CCMC itself. The procedure provides that if the parties are not able to reach a satisfactory settlement pursuant to Article 14's terms, then the matter may be appealed to an impartial arbitrator.

11. According to Article 14 of the Agreement contains, the Arbitrator shall have jurisdiction only over disputes arising out of grievances as defined in Section 1 of the Article, and he or she shall have no power to add to, subtract from, or modify in any way any of the terms of this Agreement.

12. The underlying grievance was filed by the Union on July 27, 2018 (the "Grievance"). Following the filing of the Grievance, Arbitrator James Darby conducted an arbitration hearing regarding the issue of whether Prospect CCMC violated its obligations per past practice when it stopped paying night shift nurses a for full 8- or 12-hour shift when they leave at 7:00 a.m., and stopped paying overtime when they worked until 7:30 a.m.. If so, what shall be the remedy? Additionally, before the arbitrator was whether the arbitration proceeding should be placed in abeyance due to pending litigation regarding missed meal and break periods.

13. The FAA, at 9 U.S.C. § 10(a)(3), provides that arbitration awards may be set aside where the "arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown."

14. Prospect CCMC was not able to present their case at arbitration due to the pending litigation in the Guazza case (*Guazza v. PMH, Inc.*, Case No. 17-3599 (E.D. Pa.). The Arbitrator's explicit failure to grant a continuance and by issuing his Opinion and Award caused

his powers to be so imperfectly executed that a mutual, final, and definite award upon the subject matter submitted was not made.

15. The Union agreed with the Prospect CCMC's position that this issue is related to the *Gauzza* litigation when it published in its newsletter that "the effect of this policy is that many nurses will now be paid for missed lunches, which is good."

16. Although at the arbitration hearing, the Union alleged that staff were paid until 7:15, even when they clocked out at 7:00. This was not proven, nor is it true. Had the arbitration been placed in abeyance pending the outcome of the *Gauzza* litigation, the Prospect CCMC could have presented evidence that, in fact, the employees were only taking a fifteen minute lunch period, instead of a thirty minute lunch period contemplated by the change in policy. It is not factually accurate to assume that the nurses were paid between 7:00 – 7:15 when no work was being conducted, nurses have already clocked out, and left the building.

17. Failure to place the arbitration in abeyance pending the conclusion of the *Gauzza* litigation, thus allowing parallel proceedings to occur, may result in inconsistent judgments.

18. Additionally, Plaintiff is disadvantaged because it was unable to present any witnesses at the arbitration due to the risk of having its witnesses' testimony used against it in the pending *Gauzza* litigation.

19. The Arbitrator's Opinion and Award found that "the Hospital violated a binding past practice when it stopped paying night shift nurses for a full 8- or 12-hour shift when they leave at 7:00 a.m., and stopped paying overtime for working until 7:15 a.m.". This demonstrates a fundamental misunderstanding of the law on the Arbitrator's part, as overtime would not be applicable until the nurse has worked a full 8 or 12 hour shift.

20. The terms of the Agreement were, and remain, binding upon the Parties, and the

Arbitrator had no authority to dispense with the terms of the Agreement by his understanding of the alleged past practice, which was not laid out factually correct by the Union.

21. The Union presently demands that Prospect CCMC comply with the terms of the Opinion and Award.

## FIRST CAUSE OF ACTION

**(Seeking the Court to Vacate, Set Aside, and Declare Null and Void the Award)**

22. CCMC reincorporates herein paragraphs 1 - 21 of this Complaint.

23. The Agreement is binding on the Union and Prospect CCMC.

24. The Opinion and Award granting the Grievance and holding that Prospect CCMC violated the Agreement by failing to abide by an unwritten past practice of paying nurses for fifteen minutes of nonproductive work every day, is not enforceable under the LMRA because the Arbitrator refused to grant the continuance, which would have allowed the Hospital to present a case at a later date.

25. Because the Arbitrator failed to allow a continuance until after the *Gauzza* litigation has concluded, it should be vacated and set aside.

26. Prospect CCMC will be damaged if it is forced to comply with the terms of the Award.

WHEREFORE, Prospect CCMC respectfully requests that the Court enter judgment vacating, setting aside, and declaring null and void the Opinion and Award of Arbitrator Darby, along with any other relief the Court deems necessary and proper.

| | |
|---|---|
| Dated:  April 22, 2020 | Respectfully submitted, |
| | /s/ *Tyson Y. Herrold*  <br>Tyson Herrold (PA No. 314262)<br>BAKER & HOSTETLER LLP<br>2929 Arch Street<br>Cira Centre, 12th Floor<br>Philadelphia, PA  19104-2891<br>Telephone:     215.564.3286<br>Facsimile:     215.568.3439 |
| | *Counsel for Plaintiff PROSPECT CCMC, LLC d/b/a Crozer-Chester Medical Center* |